

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,833-01

### EX PARTE EDWARD GEORGE MCGREGOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-DCR-053051 HC1 IN THE 434TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam*. YEARY and NEWELL, JJ., not participating.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of capital murder and the trial court automatically assessed punishment at confinement for life. TEX. PENAL CODE § 19.03(a)(2). The First Court of Appeals affirmed his conviction in *McGregor v. State*, 394 S.W.3d 90 (Tex. App— Houston [1st Dist.] Aug. 9, 2012).

Applicant contends, among other things, that the State violated *Brady v. Maryland*.[1] He

---

[1] 373 U.S. 83 (1963).

argues that the State did not disclose agreements it had made with jailhouse informants regarding the resolution of pending charges or letters written to the parole board in exchange for these informants' testimonies at his trial. At Applicant's trial, these informants claimed that Applicant had admitted (or alluded) to committing the capital murder and that there were no deals in exchange for their testimonies. Applicant presents newly discovered evidence suggesting that deals existed. After Applicant's trial, one informant received a favorable letter written on her behalf to the parole board, and two witnesses received favorable plea agreements. The trial court recommends that Applicant be granted relief under *Brady*. The State disagrees.

To prevail on a *Brady* claim, an applicant must show that: (1) the prosecution withheld evidence from the defense; (2) the evidence withheld is favorable to the defense; and (3) the evidence is material such that there exists a reasonable probability that, had the evidence been disclosed, the outcome at trial would have been different. *Ex parte Miles*, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012).

The trial court's original findings of fact, conclusions of law, and recommendation were entered without a determination of whether the materiality standard is met. Therefore, additional findings of fact are necessary in order to resolve the issues in this case.

It appears that Applicant is represented by counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law determining whether the materiality standard is met, by balancing the exculpatory evidence against the evidence supporting conviction. The trial court shall also make supplemental findings of fact and conclusions

of law concerning the credibility of the witnesses that testified at the habeas hearing. The trial court shall also make any other supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 26, 2017

Do not publish